# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PAUL HOLUBETS,** *Plaintiff* | § § § | |
| v. | § § | No.  A-21-CV-01004-LY |
| **FOREST RIVER, INC.,** *Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Forest River, Inc.'s motion to dismiss, Dkt. 5; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I. BACKGROUND

This lawsuit arises from Plaintiff Paul Holubets' purchase of a new recreational vehicle ("RV"), and his attempts to have manufacturer Forest River repair certain defects in the vehicle. Dkt. 1, at 3. As part of the purchase, Forest River extended Holubets certain implied and express warranties contained in the "warranty booklet and owner[']s manual." *Id.* at 3-4. Forest River attached to its motion to dismiss a copy of the warranty referenced in Holubets' complaint.[1] Dkt. 5-

---

[1] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)). Here, Holubets referenced

1

1. The warranty provides that any action to "to enforce express or implied warranties" must be commenced within ninety days of expiration of the one-year warranty period, which began on March 10, 2018, and selects Indiana law as governing the "terms, condition, rights, and responsibilities" of the warranty. *Id.* at 2-3.

Holubets alleges that he first noticed "extensive" defects in the RV's "materials and workmanship" upon receipt of the vehicle, which he sent back to Forest River's factory for repair. *Id.* at 4-6. After receiving the RV from the factory, Holubets experienced an accident that resulted in "lots of damage," and once again sent the vehicle back to the factory for more repairs. *Id.* at 6-7. Upon receipt of the RV another time, Holubets identified six repairs that were not addressed, and sent the vehicle back to the factory a third time. *Id.* at 7. Holubets and his wife have had to rent a studio apartment because the extensive defects in the RV have rendered it unavailable to them. *Id.*

Holubets brought six causes of action against Forest River for: (1) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (2) breach of implied warranties; (3) negligence and negligent misrepresentation; (4) violation of the Magnuson-Moss Warranty Act; (5) breach of contract; and (6) breach of the duty to repair. *Id.* at 9-17. Holubets seeks economic and actual damages, as well as damages for mental anguish, and seeks recission of the original sales contract. *Id.* at 18-19. Forest River moved to dismiss Holubets' complaint under Rule 12(b)(6). *See* Dkt. 5. Holubets responded by asking the Court for leave to amend his complaint "to address the factual issues

---

the express warranty between the parties in his complaint, Dkt. 1, at 4, and as such, the undersigned may consider the warranty itself in resolving the instant motion to dismiss.

alleged in the" motion to dismiss, though he did not file a motion for leave to amend or attach a copy of his proposed amended complaint to his response. Dkt. 6, at 2.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its

proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

Forest River offered several bases for dismissing Holubets' complaint, arguing that his claims are either barred by the economic loss doctrine, fail to satisfy the particularity requirements under Rule 9, fail to satisfy the pleading requirements of Rule 8, or are otherwise time-barred under the warranty provisions and the statute of limitations. Dkt. 5, at 1-2. Forest River also challenges whether recission is available as a remedy to Holubets as a matter of law. *Id.* As noted above, Holubets does not dispute any of Forest River's bases for dismissal, but rather asked in his response for leave to amend his complaint to address any defects. Dkt. 6, at 2. The undersigned will address Forest River's arguments for dismissal below.

### A.   Economic Loss Doctrine

Forest River argues that Holubets' DTPA, negligence, and breach of duty to repair claims are barred by the economic loss rule. Dkt. 5, at 3-5. Under Texas law, the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991) Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* Holubets' negligence and negligent misrepresentation claims, along with his breach of the duty to repair and DTPA claims, all fall within the economic loss doctrine because "the only loss or damage [arising from these claims] is to the subject matter of the contract" itself—here, the warranty and repair agreements related to the RV. *See* Dkt. 1; *DeLanney,* 809 S.W.2d at 494.

First, Holubets' negligence and negligent misrepresentation claims arise from Forest River's alleged failure to properly design and manufacture the RV, and to alert Holubets of the RV's defective condition, all in violation of the express and implied warranties. Dkt. 1, at 14. Because Holubets' allegations that Forest River negligently performed its obligations under the warranty are "in no way independent of the subject matter of the [warranty] and the parties' relationship thereunder," Holubets' negligence and negligent misrepresentation claims are barred by the economic loss

5

doctrine and should be dismissed. *Scott v. Wells Fargo Bank, NA*, No. 4:11-CV-600, 2013 WL 5450600, at *9 (E.D. Tex. Sept. 30, 2013), *aff'd sub nom. Scott v. Fed. Home Loan Mortg. Corp.*, 605 F. App'x 454 (5th Cir. 2015) (internal citation removed); *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F. Supp. 3d 656, 668 (S.D. Tex. 2021) (economic loss doctrine barred recovery for negligent misrepresentation claim arising from breach of express and implied warranties).

Next, Holubets' breach of the duty to repair claim is also barred by the economic loss doctrine. As Forest River points out, Holubets alleged that Forest River failed to properly repair the defective RV in violation of its duties arising under the "contract, payments and implied warranties." Dkt. 1, at 16; Dkt. 5, at 4. Because Holubets' duty to repair claim arises from the warranty agreement between the parties, and he has not alleged an injury independent from those arising from the breach of the warranty, this claim is also barred under the economic loss doctrine. *P.M.I. Servs. N. Am., Inc. v. Defendant Enduro Pipeline Servs., Inc.*, No. EP-16-CV-442-PRM, 2018 WL 8131759, at *10 (W.D. Tex. Jan. 16, 2018) (economic loss doctrine barred duty to repair claim where plaintiff failed to "allege any duties that arise independently from the contract" and alleged damages were "purely economic"); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2015 WL 12723054, at *5 (N.D. Tex. Mar. 12, 2015) ("the duty to repair arises out of the [agreement between the parties] and thus can only support a claim that sounds in contract").

Lastly, Holubets' DTPA claim is similarly barred by the economic loss doctrine as the claim "ultimately rests on the allegation that" Forest River "falsely advertised that its [RV] would be of high quality and would work, when the [RV], in fact, did not work as it was supposed to under the contract." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016) (affirming dismissal of DTPA claims under the economic loss doctrine); *see also Malsom v. Match.com, L.L.C.*, 540 F. App'x 412, 416 (5th Cir. 2013) ("To hold [plaintiff's] claims actionable under the DTPA would convert every breach of contract into a DTPA claim." (internal quotation marks removed)); *but see McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 475 (5th Cir. 2015) ("if a particular duty is defined both in a contract and in a statutory provision, and a party violates the duty enumerated in both sources, the economic loss rule does not apply.").

Moreover, Holubets' allegations of mental anguish damages cannot save his claims from the economic loss doctrine, as "litigants cannot avoid application of the economic loss rule by merely alleging mental anguish damages where the plaintiff's claims for mental anguish stem from the defendant's breach of contract." *Jackson v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-2387-G-BN, 2018 WL 1001859, at *8 (N.D. Tex. Jan. 8, 2018), *report and recommendation adopted*, No. 3:17-CV-2387-G (BN), 2018 WL 949226 (N.D. Tex. Feb. 16, 2018); *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 576 (N.D. Tex. 2013) ("[C]laims involving mental anguish cannot allow Plaintiff to subvert the effect of the economic loss rule.").

Holubets did not respond to Forest River's contention that Counts 1, 3, and 6 are barred by the economic loss doctrine, nor did he attach a copy of an amended

complaint to his response so as to demonstrate how these claims could be amended to survive a motion to dismiss—as such, the undersigned is unable to assess Holubets' request for leave to amend at this time. *See* Dkt. 6. The undersigned thus recommends that Holubets' negligence, breach of duty to repair, and DTPA claim be dismissed without prejudice.

### B. Timelines of Warranty Claims

Forest River next moved to dismiss Holubets' remaining claims as time-barred under the terms of the warranty, arguing that under Indiana law the contractual limitations period set forth in the warranty is enforceable and Holubets failed to file this lawsuit within that time. Dkt. 5, at 5-8. Initially, the undersigned notes that because this Court has diversity jurisdiction over this lawsuit, it "must apply the choice of law rules of the forum state, here Texas." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Because the parties agreed to the application of Indiana law in their warranty agreement and Indiana bears a "reasonable relationship" to the parties and their transaction,[2] Indiana law governs the interpretation of the time limitations at issue here. Dkt. 3-3, at 11; *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 311 (5th Cir. 2000).

The warranty at issue in this lawsuit covered the RV for one year from the purchase date of March 10, 2018, and states that "[n]o action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration

---

[2] Indeed, Forest River is an Indiana-based corporation, and the parties agree that the allegedly defective repairs occurred in Forest River's Indiana factory. Dkts. 1, at 1, 6-7; Dkt. 5, at 7.

of the Warranty Period." Dkt. 1, at 3; Dkt. 5-1, at 2. Under the terms of this provision, Holubets' last day to file a complaint to enforce those "express and implied warranties" was June 8, 2019—yet Holubets filed his complaint on November 5, 2021. *See id.* Forest River argues that courts in Indiana have enforced time limitations such as the one found in the warranty here. Dkt. 5, at 6 (citing *Popham v. Keystone RV Co.*, No. 3:15-CV-197-TLS, 2016 WL 4993393 (N.D. Ind. Sept. 19, 2016)). Indeed, "Indiana law generally holds that contractual limitations shortening the time to commence suit are valid, at least so long as a reasonable time is afforded." *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005) (internal citation removed).

While contractual provisions can sometimes be evaded under Indiana law if the plaintiff can prove fraud, duress, misrepresentation, adhesion, or illusory contract, Holubets did not challenge the warranty provision on any of these grounds—and in fact offered no response to Forest River's arguments regarding the limitations period. *See* Dkts. 1, 6; *Eckman*, 830 N.E.2d at 35 ("we must leave to the individual parties the right to make the terms of their agreements as they deem fit and proper, and, as long as those terms are clear and unambiguous and are not unlawful, we can only enforce them as agreed upon").

Holubets' claims arising from a breach of the warranty agreement are thus barred by the time limitation contained therein, and should be dismissed. However, contrary to Forest River's contention that the only contract at issue in this case is the warranty, Holubets' explicitly pleaded that his breach of contract claim arises from "the repair agreements wherein Defendant agreed to repair Plaintiff's PUMA which

9

proximately caused the direct and consequential damages to Plaintiff." Dkt. 1, at 16; Dkt. 5, at 8. Holubets has thus alleged that breach of contract based on repair agreements separate from the warranty agreement, and Forest River's arguments for dismissal of this claim based on the time limitation set forth in the warranty are unavailing. The undersigned recommends that Holubets' breach of implied warranty, and Magnuson-Moss Warranty Act claims be dismissed without prejudice.

### C.   Compliance with Rule 8

Forest River halfheartedly argues that Holubets' breach of contract claim fails to comply "with even the most minimum pleading standard of alleging" the existence of a contract, the provision allegedly breached, the way it was breached, and any actions he took in response to the beach. Dkt. 5, at 10. The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Frazin v. Hanley*, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.).

Contrary to Forest River's suggestion that Holubets "has not identified any contract," Holubets alleged in his complaint that the parties agreed on multiple occasions to send the RV back to Forest River's factory for repair. Dkt. 1, at 3-8; Dkt 5, at 10-11. Moreover, despite acknowledging the elements of a breach of contract claim, Forest River nonetheless inexplicably seeks to hold Holubets to a higher pleading standard by arguing that his claim fails because he did not detail the provision of the contract breached, the way in which it was breached, or his actions

taken in response to the alleged breach. *See* Dkt. 5, at 10-11. Under Rule 8, Holubet is only required to plead "a short and plain statement of the claim showing that [he] is entitled to relief," and his complaint satisfies this standard by pleading the existence of a repair agreement, Forest River's breach of that agreement despite Holubets' performance, and damages arising from such a breach. See Dkt 1, at 4-8, 16; Fed. R. Civ. P. 8(a)(2). The undersigned recommends that the District Court deny Forest River's motion to dismiss the breach of contract claim for failure to state a claim.

**D.     Rescission**

Finally, Forest River argues that the Holubets cannot seek the remedy of rescission against it as the manufacturer of the RV. Dkt. 5, at 14-15. The undersigned agrees. Forest River was the manufacturer of the RV, but was not a party to the sales agreement whereby Holubets purchased the vehicle, Dkt. 1, at 3, 4-8. Under Texas law, rescission "requires privity of contract," and "is a remedy available to the buyer only against the seller." *Neal v. SMC Corp.*, 99 S.W.3d 813, 816-18 (Tex. App.—Dallas 2003, no pet.) ("the manufacturer, in the absence of a contractual relationship with the consumer, is not a seller."). Indeed, in *Neal* the court found that plaintiff "had no privity of contract with [the manufacturer of a motor coach needed] to obtain the remedy of revocation of the sales contract for the allegedly defective vehicle. *Id.* at 818. Here, similarly, Holubets cannot seek rescission of the sales agreement as against Forest River. The undersigned recommends that Holubets' request for the remedy of rescission be dismissed.

## IV.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Forest River's motion to dismiss, Dkt. 5. Specially, Counts 1, 2, 3, 4, and 6 of Holubets' complaint, and his request for rescission, should be **DISMISSED WITHOUT PREJUDICE**. Forest River's motion to dismiss should be denied in all other respects.

The referral of this case to the Magistrate Court should now be canceled.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 28, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE