UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL HOLUBETS, | § | No. 1:21–CV–1004–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| FOREST RIVER, INC., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R&R") filed by Magistrate Judge Howell ("Judge Howell" or the "Magistrate Judge") on July 5, 2023. (Dkt. # 34.)

On November 5, 2021, Plaintiff Paul Holubets ("Plaintiff") filed this case against Forest River, Inc. ("Defendant"). (Dkt. # 1.) On November 1, 2022, Defendant filed a Motion for Summary Judgment. (Dkt. # 22.) Judge Yeakel referred the Motion to Judge Howell on January 25, 2023. (Dkt. # 32.) The case was then transferred to the undersigned on April 27, 2023. (Dkt. # 33.)

The Court finds its review of the R&R suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's R&R in full. (Dkt. # 34.) The case is

**DISMISSED WITHOUT PREJUDICE** and the Clerk is **INSTRUCTED** to **CLOSE THE CASE**.

## LEGAL FRAMEWORK

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Any party who desires to object to a magistrate judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. FED. R. CIV. P. 72(b)(2). Findings to which no specific objections are made are reviewed based on whether they are clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Because neither party has submitted objections, the Court reviews the R&R for clear error. See id. The remaining claim in this case is for breach of contract. (Dkt. # 1.) The Magistrate Judge found that no issue of material fact demonstrated the existence of a contract between the parties. The Court agrees.

**I.      Legal Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Warfield v. Byron, 436 F.3d 551, 557 (5th Cir. 2006). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).

The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Warfield, 436 F.3d at 557. Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have

submitted evidence of contradictory facts." Little, 37 F.3d at 1075.  The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.  Evidence submitted in opposition to a motion for summary judgment must be admissible.  See FED. R. CIV. P. 56(c); Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995).

**II.       No genuine issue of material fact as to the existence of a contract**

Plaintiff alleges that Defendant breached the parties' contract to repair Plaintiff's defective RV.  (Dkt. # 30 at 3.)  Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007).  Essential terms of a contract typically include the time of performance, price to be paid, and the service to be rendered.  Kirby Lake Dev. Ltd. v. Clear Lake City Water Auth., 320 S.W.3d 829, 838 (Tex. 2010).

Plaintiff argues that a Factory Service Agreement (the "FSA") is sufficient evidence to demonstrate a contract existed between the parties for the R.V. repairs.  But the FSA falls sort of raising a genuine issue of material fact, as it lacks very basic contract terms.  The FSA contains a list of the repairs Plaintiff wanted performed, but it lacks either party's signature or any other language from

4

which the Court could find that Defendant agreed to complete the repairs.  (Dkt. # 30-1 at 26-29.)  Moreover, the FSA is silent as to when the repairs were to be completed and what, if any, price was to be paid for the repairs.  Thus, while Plaintiff may have intended to enter a contract for repairs with Defendant, the FSA does not indicate that Defendant had the same intention.

        Likewise, the series of emails Plaintiff provides between the parties only indicate *Plaintiff's* belief that Defendant was responsible for the repairs, but do not demonstrate a commensurate belief from Defendant.  In other words, there is no indication of either "a meeting of the minds [or] a communication that each party consented to the terms of the contract." Owens v. Specialized Loan Servicing, L.L.C., 694 F. App'x 950, 953 (5th Cir. 2017) (citing Advantage Physical Therapy, Inc. v. Cruse, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). In fact, Defendant's January and May 2021 emails about the repair work show that Defendant's understanding of the repairs is that they were a "one time customer good will" gesture as opposed to an obligation through the warranty or separate payment.  (Id. at 43.)  Defendant's understanding of this arrangement is corroborated by the fact that Plaintiff failed provide any statement of price or payment for the repairs.  Accordingly, the Court finds no clear error in the Magistrate Judge's determination that Defendant's Motion for Summary Judgment should be granted.

5

## CONCLUSION

The Court **ADOPTS** the R&R as the opinion of the Court.  (Dkt. # 34.)  Defendant's Motion for Summary Judgment is **GRANTED**.  (Dkt. # 22.)  The case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is **INSTRUCTED** to **CLOSE** the **CASE**.

**DATED**:  Austin, Texas, August 2, 2023.

_____
David Alan Ezra
Senior United States District Judge